IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCOS GONZALES,<br><br>　　　　Plaintiff,<br>　　v.<br><br>M. MILLS, THE COUNTY OF FRESNO, SHERIFF MARGARET MIMS, THE FRESNO COUNTY SHERIFF DEPARTMENT, and DOES 1 through 100 inclusive,<br><br>　　　　Defendants. | 1:09-cv-1549  AWI DLB<br><br>ORDER ON DEFENDANT'S MOTION FOR INVOLUNTARY DISMISSAL<br><br>(Doc. No. 22) |

　　This is a civil rights action filed by Plaintiff Marcos Gonzales ("Gonzales") against the County of Fresno ("the County") and personnel of the Fresno County Sheriff's Department. Gonzales filed suit in 2009 and alleged violations of state law, as well as 42 U.S.C. § 1983. The only Defendant who has made an appearance and been served is the County. The remaining defendants were served on February 27, 2011. See Court's Docket Doc. Nos. 26, 27, 28. The County now moves for an involuntary dismissal under Rule 41(b). For the reasons that follow, the Court will grant the motion and close this case.

**PROCEDURAL BACKGROUND**

　　Gonzales filed this lawsuit on August 31, 2009. See Court's Docket Doc. No. 1. A summons was issued on September 2, 2009. See id. at Doc. No. 7. Summonses were returned

1  executed for each Defendant on March 4, 2010. See id. at Doc. Nos. 10, 11, 12, 13, 14. The
2  returned summonses indicated that each Defendant was served at the Fresno County Clerk's
3  Office. See id. The summons that identifies each Defendant was stamped "Service accepted on
4  behalf County of Fresno Only." See id. at Doc. No. 29-1 at Ex. A.
5    On March 22, 2010, counsel for the County informed Gonzales's counsel that the
6  summons was served with the Clerk of the Board of Supervisors of the County. See Velasco
7  Dec. Ex. A. The letter stated that service was accepted by the County only. Id. The letter
8  continued, "The Clerk cannot accept service for the individuals. To serve an employee of the
9  Sheriff's Department, service needs to be with the Sheriff's Department Civil Desk." Id.
10    On March 23, 2010, the County filed its answer. See id. at Doc. No. 15.
11    On April 14, 2010, the Magistrate Judge issued a scheduling order. See id. at Doc. No.
12  20. Initial disclosures were ordered to be exchanged by May 3, 2010, the non-expert discovery
13  deadline was set at February 11, 2011, the expert discover deadline was set for March 25, 2011,
14  and trial was set for September 13, 2011. See id.
15    On June 4, 2010, after receiving reminders from the County on May 6 and June 3,
16  Gonzales filed his Rule 26 disclosures. See id. at Doc. No. 22-2 at ¶ 3; Velasco Dec. ¶ C; Doc.
17  No. 21.
18    On May 13, 2010, Defendants served written discovery on Gonzales. See Velasco Dec. ¶
19  B. After several e-mail exchanges, agreements to extend the time in which to respond (due in
20  part to Gonzales's transfer from Fresno County Jail to Wasco State Prison), and the threat of
21  motions to compel, answers to the discovery requests were received on August 10, 2010.
22  See id. at Ex. D, E, F, G, H.
23    On October 14, 2010, after apparently having cleared dates among the counsel, the
24  County set Gonzales's deposition for October 27, 2010. See id. at Ex. I. On October 26, 2010,
25  Gonzales canceled the deposition. See id. at Doc. No. 22-2 at ¶ 12. Gonzales's counsel's office
26  indicated that numerous attempts had been made to contact Gonzales, but that Gonzales was not
27  returning any of the calls. Id. The County's counsel sent an e-mail requesting new dates for a
28  deposition and stated the County's intention to follow the scheduling order. See id. at Velasco

1  Ex. J.  Later on October 26, the respective counsels spoke on the telephone and set a new
2  deposition date of December 1, 2010.  See id. at Ex. K.
3         On November 16, 2010, Gonzales's counsel sent an e-mail that indicated that Gonzales
4  was unavailable on December 1 until 1:30 p.m., due to a court hearing in an unrelated matter.
5  See id. at Ex. L.  The same day, the respective counsels confirmed the deposition for 1:30 p.m.
6  on December 1, 2010.  See id.
7         On December 1, 2010, Gonzales's counsel appeared, but Gonzales did not.  See id. at Ex.
8  M.  It was represented on the record that Gonzales was ordered to report to his parole officer and
9  had not been released by the officer.  See id.  About one hour later, an individual from
10 Gonzales's counsel's office indicated that Gonzales had failed a drug test ordered by the parole
11 officer and, as a result, Gonzales was being checked in to a drug rehabilitation facility.  See id. at
12 Doc. No. 22-2 at ¶ 17.  Gonzales's counsel was to inform County's counsel of the location of the
13 facility.  See id.
14        On December 8, 2010, County's counsel received the name of Gonzales's rehabilitation
15 facility.  See Velasco Dec. Ex. N.  The County was told to work with the facility to set the
16 deposition.  See id.
17        The County attempted to set deposition dates, but received no help from the rehabilitation
18 center and instead asked Gonzales's counsel for assistance.  See id. at Ex. O.
19        On January 4, 2011, the County followed up with Gonzales's counsel regarding efforts to
20 set a deposition date of January 26, 2011.  See id. at Ex. P.
21        On January 20, 2011, Gonzales' counsel's office indicated that Gonzales had checked
22 himself out of the rehabilitation facility and that they were trying to contact Gonzales for the
23 January 26, 2011, deposition date.  See id. at Ex. Q.  The e-mail indicates that Gonzales's
24 counsel had lost communication with Gonzales.  See id.  However, the parties managed to set the
25 deposition for January 26, 2011, at 1:00 p.m.  See id.
26        On January 25, 2011, the County's counsel contacted Gonzales's counsel to confirm the
27 January 26, 2011, deposition.  See Velasco Dec. ¶ 23.  Gonzales's counsel's office indicated that
28 numerous attempts had been made to contact Gonzales without luck, but that they would

continue to try throughout the day.  See id.  At approximately 4:30 p.m., the County's counsel was informed that Gonzales had not been located and that the deposition would have to be canceled.  See id.

On February 3, 2011, the County filed this motion for involuntary dismissal.  See id. at Doc. No. 22.

**DEFENDANT'S MOTION**

*Defendant's Argument*

The County argues that dismissal is appropriate because Gonzales has failed to prosecute this action.  Gonzales has not properly served individual defendants, and it is well beyond the 120 day deadline of Rule 4(m).  Gonzales has conducted no discovery in this matter, despite his allegations that discovery would likely create evidentiary support for his *Monell* claims.  Gonzales has failed to keep in contact with his own attorney, which has delayed discovery.  Gonzales failed to attend three noticed depositions.  His failures have prevented the County from exploring Gonzales's claims, including claims of injury, and interfered with the County's ability to seek out and obtain expert opinions.

*Plaintiff's Opposition*

Gonzales's attorney argues that Gonzales is now in the Fresno County Jail, so his deposition may proceed.  The failure to timely serve other individual defendants was an administrative error, and service has now been accomplished.  There is no prejudice because the same law office will likely represent the named individual defendants.  Gonzales's counsel explains that no discovery has been propounded because he is relying on numerous witnesses who will be subpoenaed for trial.

*Almanza Declaration*

Lisa Almanza, the administrative assistant of Gonzales's attorney, has filed a declaration in support of Gonzales's opposition.  In the declaration, Almanza states that it has been difficult keeping in contact with Gonzales, and that she has advised Gonzales "on numerous occasions" to keep in contact with the office.  See Almanza Dec. ¶¶ 2, 3.  Almanza also indicates that the only contact information for Gonzales is his mother's telephone number and address.  See id. at ¶ 8.

Almanza declares that, although all written discovery has been answered, it has been very difficult getting responses from Gonzales.  See id. & at ¶ 10.  Almanza declares that, although Gonzales's deposition was scheduled "numerous times, either contact had been lost with Gonzales and our office could not confirm [Gonzales] was in custody."  Id. at ¶ 11.  Almanza explained that each time Gonzales's deposition was on calendar, we notified Gonzales by way of correspondences."  Id. at ¶ 16.  Of particular note, Almanza declares that, during the week of December 17, she received a call from Gonzales in which he advised "that he was 'on the run' and had checked himself out of [the rehabilitation center]."  Id. at ¶ 17.  Almanza advised Gonzales that he was scheduled for a deposition on January 16, 2011,[1] and Gonzales "stated that he would be present."  Id. at 18.

Additionally, Almanza explained that she believed that she had served all defendants in this case because the County Clerk accepted service of all the summons.  See id. at ¶ 5.  Almanza states that it was her oversight that she did not serve the other individuals correctly as per the County's letter, and that she has made arrangements to serve the remaining defendants immediately.  See id. at ¶¶ 6, 7.

*Legal Standard*

Under Federal Rule of Civil Procedure 41(b), a defendant may move the court for an involuntary dismissal of the plaintiff's case if the "plaintiff fails to prosecute or to comply with these rules or a court order."  Fed. R. Civ. Pro. 41(b).  Similarly, a defendant may file a motion for sanctions if "a party . . . fails, after being served with proper notice, to appear for that person's deposition."  Fed. R. Civ. Pro. 37(d)(1)(A)(I).  Sanctions for a party's failure to appear at his deposition include "dismissing the action or proceeding in whole or in part."  Fed. R. Civ. Pro. 37(b)(2)(A)(v), (d)(3).  Before a court imposes the harsh sanction of dismissal under either Rule 37(d) or Rule 41(b), the court must consider five factors:  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of

---

[1] Almanza's declaration indicates January 16.  However, this appears to be a typo because e-mails dated January 20, 2011, confirm a deposition date of January 26.  See Velasco Dec. Ex. Q.  The Court will view the January 16 date as a typo, and that Almanza was actually referring to January 26.  See id.

5

prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.  See Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (Rule 41(b) sanctions); Stars' Desert Inn Hotel & Country Club v. Hwang, 105 F.3d 521, 524 (9th Cir. 1997) (Rule 37(d) sanctions).  "In evaluating the propriety of sanctions, we look at all incidents of a party's misconduct." Adriana Intl. Corp. v. Lewis & Co., 913 F.2d 1406, 1411 (9th Cir. 1990).  In most cases, the first two of these factors will favor the imposition of sanctions, while the fourth cuts against a default or dismissal sanction.  See Henry v. Gill Industries, Inc., 983 F.2d 943, 948 (9th Cir. 1993); Wanderer v. Johnston, 910 F.2d 652, 656 (9th Cir. 1990).  Thus, the key factors in most cases are prejudice and availability of lesser sanctions.  See Henry, 983 F.3d at 948; Wanderer, 910 F.2d at 656.  "A defendant suffers prejudice if the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." In re: Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1227 (9th Cir. 2006) (hereinafter "PPA"); Pagtalunan, 291 F.3d at 642; Henry, 983 F.2d at 948.  The law also presumes prejudice from an unreasonable delay. PPA, 460 F.3d at 1227.  Additionally, dismissal under Rule 37(d) must be supported by a finding of "willfulness, bad faith or fault." Stars, 105 F.3d at 525; Fjelstad v. American Honda Motor Co., 762 F.2d 1334, 1340 (9th Cir. 1985).  "Disobedient conduct not shown to be outside the control of the litigant is sufficient to demonstrate willfulness, bad faith or fault warranting default." Stars, 105 F.3d at 525; Henry, 983 F.2d at 948.

*Discussion*

After reviewing the moving papers, the Court agrees with the County that the evidence shows a failure to prosecute, a failure to follow the Federal Rules of Civil Procedure, and a failure to follow the scheduling order.  First, Gonzales failed to timely file his Rule 26 disclosures.  It is true that the disclosures were filed, but they were filed a month past the scheduling order's deadline.  Second, the written discovery was provided significantly late.  It took extensions, the threat of motions to compel, and an additional two months beyond the due date for Gonzales to respond.  Third, Gonzales was on notice since March 22, 2010, that the individual defendants had not been served.  There is no explanation given for the failure to serve

the individual defendants, especially since the March 22, 2010, letter informed Gonzales about how to accomplish service.  Simply saying that there was an oversight is not a justification. Further, that Gonzales has now served the individual defendants is not helpful.  The individual defendants were served well beyond Rule 4(m)'s 120 day time limit, see Fed. R. Civ. Pro. 4(m), and at a time when non-expert discovery had already closed.  By the time an answer is due (March 16, 2011), expert discovery will be closed in nine days.  The scheduling order and the deadlines established by it are not to be casually disregarded.  See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 610 (9th Cir. 1992).  Inclusion of these new defendants would require amending the scheduling order and resetting the trial date.  Significant disruption of the scheduling order would occur with very little justification.  See Fed. R. Civ. Pro. 16(b)(4) (allowing amendment of scheduling order upon a showing of "good cause" and the judge's consent); Johnson, 975 F.2d at 609.  Fourth, Gonzales has not countered the assertion that he has not propounded discovery.  Fifth, Gonzales has failed to appear at three scheduled depositions. The dates for these depositions were determined though consultation with counsel.  There is only one reason provided for Gonzales's failure to attend one of the depositions.  It appears, from the Velasco declaration, that Gonzales was taken into custody on December 1, 2010, because he failed a drug test.  See Velasco Dec. ¶ 17.  Even if the Court where to find that his being taken into custody and enrolled in a rehabilitation center was conduct beyond Gonzales's control (a dubious finding since presumably Gonzales voluntarily took the drugs), there are still absolutely no reasons given for missing the October 26, 2010, deposition, or the January 26, 2011, deposition, especially as the Almanza declaration shows that Gonzales said that he would attend the January 26, 2011, deposition.  See Almanza Dec. ¶ 17.  Gonzales's failure to appear at the October and January depositions was disobedient conduct and thus, willful or bad faith or fault. See Stars, 105 F.3d at 525; Henry, 983 F.2d at 948.  Sixth, and perhaps most importantly, it appears that Gonzales has utterly failed to adequately keep in contact with his counsel.  The opposition papers make clear that Gonzales was repeatedly told about the importance of keeping in contact with his counsel, yet he failed to do so.  See Almanza Dec. ¶¶ 2, 3, 8, 11, 16, 17, 18. That failure to keep in contact appears to be the reason for the very tardy discovery responses.

See id. It is also one of the primary reasons for the difficulties in obtaining Gonzales's deposition. See id.

The above shows a failure by Gonzales to follow the scheduling order, the rules of procedure, his own counsel, or his own case. The Court will consider the mandatory five factors in order to determine whether dismissal is appropriate.

The public's interest in expeditious resolution of litigation favors dismissal. This case has been pending for over a year and a half, yet it is apparent that the case is not ready for trial.

The Court's need to manage its docket favors dismissal. The Eastern District of California – Fresno Division has a significantly impacted docket. The docket is overly congested, and stalled cases due to a lack of prosecution aggravate the situation.

Third, the County has suffered prejudice. The failure to obtain Gonzales's deposition significantly impairs the County's ability to explore, defend, and challenge the claims against it. See Stars, 105 F.3d at 525. Further, with the recent service of the individual defendants, a new scheduling order would have to be considered and previously set deadlines, including the trial date, may need to be reset if the case proceeds. There is no good reason for such changes and delays. See Johnson, 975 F.2d at 608-10. Further, Gonzales's repeated failure to respond timely to discovery, and repeated failure to attend his deposition, has created an unreasonable delay, which in turn creates a presumption of prejudice. See PPA, 460 F.3d at 1227. Finally, the scheduling and rescheduling of depositions, and the additional efforts to obtain discovery responses, represent expenses that would not otherwise have been incurred by the County had Gonzales responsibly cooperated.

Fourth the public policy favoring disposition of a case on the merits weighs against dismissal, but it does so on a significantly diminished basis. "[A] case that is stalled or unreasonably delayed by a party's failure to comply with deadlines and discovery obligations cannot move forward toward resolution on the merits. Thus, we have also recognized that this factor 'lends little support' to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." PPA, 460 F.3d at 1228. Gonzales's unreasonable delays and failure to comply with discovery has stalled the case, thus,

as recognized by *PPA*, this factor provides "little support" against dismissal.  See id.

Finally, with respect to less drastic alternatives, it is possible for the Court to vacate the scheduling order, set entirely new deadlines, and reopen discovery.  However, while new defendants have been served, Rule 4(m) was violated, the discovery deadlines have all expired, and there is no good reason proffered for the very untimely service.  The Court sees no legitimate justification to completely abandon the scheduling order.  See Johnson, 975 F.2d at 608-10.  Gonzales's counsel represents that Gonzales is now in the Fresno County jail, so the Court could order Gonzales to submit to the deposition.  However, the discovery deadline has passed, and untimely offers to comply with previous discovery requests are not helpful.  See Henry, 983 F.2d at 947; G-K Properties v. Redevelopment Agency of San Jose, 577 F.2d 645, 647-48 (9th Cir. 1978) (order of dismissal affirmed: "last minute tender" of discovery does not cure effects of discovery misconduct).  Moreover, Gonzales has failed to keep in contact with his attorney and failed to attend his depositions without any good reason demonstrated.  Simply because Gonzales is in jail does not make it clear that he would diligently pursue his case from this point forward.  The Court does not know why it should take extraordinary efforts to force Gonzales to litigate his own case.  Given the evidence before the Court, completely starting this case over with a new scheduling order and a new trial date would reward irresponsible behavior and is not a legitimate option.[2]

In sum, four of the five factors favor dismissal, and the fifth factor weighs against dismissal in a diminished capacity.  The long and short of the matter is that Gonzales filed this case, was informed of the importance of prosecuting the case and attending his deposition, was informed of the importance of keeping in contact with his attorney, but failed to do so.  Gonzales has failed to adequately explain why he refused to behave like a responsible litigant.  As shown by his failure to keep in contact with his attorney or attend his depositions, the Court can only conclude that Gonzales does not care about his case any more.  The Court will grant the County's

---

[2] Even if the Court considers this an option, the court's docket, the prejudice to the County, and the interest in quick resolutions significantly outweigh this alternative, even when coupled with the diminished interest in resolving the case on the merits.  Cf. Pagtalunan, 291 F.3d at 643.

9

Rule 41(b) dismissal. See PPA, 460 F.3d at 1226-29; Pagtalunan, 291 F.3d at 642-43; Stars, 105 F.3d at 524-25; Sigliano v. Mendoza, 642 F.2d 309, 310 (9th Cir. 1981).

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant County of Fresno's Rule 41(b) motion for involuntary dismissal is GRANTED; and
2. The Clerk shall CLOSE this case.

IT IS SO ORDERED.

Dated:   March 15, 2011                                   _____
                                                          CHIEF UNITED STATES DISTRICT JUDGE